UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONNIE HICKS,<br><br>              Plaintiff,<br><br>      v.<br><br>KIM DOTSON,<br><br>              Defendant. | NO: 12-CV-5104-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

   BEFORE THE COURT is Plaintiff's Motion for Protective Order (ECF No. 22). This matter was considered without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

   *Pro se* prisoner Plaintiff Ronnie Hicks alleges that Defendant Kim Dotson improperly discontinued his pain medication in retaliation for engaging in protected conduct. ECF No. 12-2 at 13-14. According to Plaintiff, he has suffered "severe pain," that has "fluctuated wildly" since his prescription for Baclofen was discontinued. *Id.* Defendant was a physician's assistant responsible for providing

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1

1  health care to Plaintiff at Airway Heights Correctional Center ("Airway Heights").

2  *Id*. at 9-10.  The Department of Corrections ("DOC") maintains medical records

3  regarding Plaintiff's medical care.  On May 3, 2013, Defendant's counsel sent a

4  request to Plaintiff asking him to sign a release in order for Defendant to access his

5  medical records.  ECF No. 23 at 2.  Plaintiff was unwilling to sign the release.  On

6  May 20, 2013, Defendant's counsel sent a Notice of Intent to Obtain Medical

7  Information.  Presently before the Court is Plaintiff's motion for a protective order

8  limiting the scope of disclosure of his medical records by the DOC.

9                                                          DISCUSSION

10         Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is

11  broad and includes "any nonprivileged matter that is relevant to any party's claim

12  or defense."  Fed. R. Civ. P. 26(a)(1).  However, under FRCP 26(c)(1), the court

13  may, for good cause, issue an order to protect a party from "annoyance

14  embarrassment, oppression, or undue burden or expense, including … limiting the

15  scope of disclosure or discovery to certain matters…."  Fed. R. Civ. P. 26(c)(1)(D).

16  The Court is vested with broad discretion to permit or deny discovery.  *Hallett v.*

17  *Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

18         Plaintiff asks the Court to limit the scope of disclosure of his medical

19  records, generally, to (1) only those created by Defendant Kim Dotson, and (2)

20  only during the time period "covered in Plaintiff's suit," namely, August 18, 2008

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 2

to September 17, 2009. ECF No. 22 at 3.[1]  Defendant argues that the scope of discovery should not be limited as Plaintiff has put his physical condition at issue in the instant lawsuit.  ECF No. 23 at 3.  The Court agrees with Defendant and declines to issue a protective order limiting the scope of discovery.  Plaintiff's medical records are clearly relevant to his claims regarding the medical treatment he received at the facility. However, as indicated by Defendant, if it should be necessary to disclose any of Plaintiff's medical records to the Court, those records should be filed under seal and pursuant to any existing protective order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Protective Order (ECF No. 22) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and to Plaintiff.

**DATED** June 24, 2013.



THOMAS O. RICE
United States District Judge

---

[1] Plaintiff also makes a vague reference to privacy protections afforded under the federal Health Insurance Portability and Accountability Act ("HIPAA").  ECF No. 22 at 2-3.  However, Plaintiff advances no argument as to the applicability of HIPAA protections in this case.  Thus, the Court declines to address this issue.

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 3